# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:22-cv-00197-JAR<br>) |
| BARBARA PAYNE, a.k.a. BARBARA JACQUELINE JOHNSON, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a document submitted by self-represented defendant Barbara Payne titled "Affidavit and Motion for Change of Venue for Venue is Improper Because of Default," which has been construed as a notice of removal. (Docket No. 1). Defendant is seeking to remove an unlawful detainer case from state court to federal court. For the reasons discussed below, the Court will vacate defendant's notice of removal and remand this matter back to state court.

## Background

On September 14, 2021, plaintiff U.S. Bank Trust National Association filed a "Petition in Unlawful Detainer" in the Circuit Court of St. Louis County. *U.S. Bank Trust National Assoc. v. Payne, et al.*, 21SL-AC20505 (21st Jud. Cir., St. Louis County).[1] The petition alleged that defendant was the owner of a residence located at 1202 Edlor Drive in St. Louis, Missouri; that

---

[1] Defendant's case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

defendant had defaulted on payments of the note secured by the deed of trust; that the property was foreclosed upon; that the property was purchased by U.S. Bank, N.A.; that U.S. Bank, N.A. quit-claimed the property to plaintiff; that plaintiff demanded that defendant surrender possession of the property; and that defendant failed to remove personal property and/or refused to vacate the property, despite the termination of her tenancy. Defendant was served on October 18, 2021.

The matter was tried by the circuit court on December 13, 2021. The circuit court found that defendant had unlawfully detained the property at issue, and ordered plaintiff to have restitution of 1202 Edlor Drive. The circuit court also awarded plaintiff $17,373.10 in past-due rent, $2,090 in attorney's fees, and costs of $479.55. Defendant did not file an appeal.

On February 4, 2022, an execution in unlawful detainer for possession of premises was issued. On February 16, 2022, defendant filed a document that the circuit court construed as a motion for change of venue. On February 17, 2022, the Court received defendant's notice of removal. (Docket No. 1).

## Notice of Removal

Defendant has titled her action as an "Affidavit and Motion for Change of Venue for Venue is Improper Because of Default." (Docket No. 1 at 1). On her civil cover sheet, defendant has checked the box indicating that this is a removal from state court. (Docket No. 1-1). As such, the Court has construed defendant's affidavit as a notice of removal.

In the notice of removal, defendant asserts that the circuit court has "defaulted" because there has been no rebuttal to her "Affidavit of Absolute Ownership." Defendant contends that "[a]n unrebutted affidavit becomes the judgement in commerce," and that her affidavit should have stopped proceedings in state court. In an attachment to the notice, defendant further explains that she is giving notice of a "change of venue to receive a fairer outlook on [her] case," and that she

has a First Amendment right "to petition the government for redress of grievances." (Docket No. 1-3).

Also attached to the notice of removal is a copy of the docket sheet in the circuit court; copies of the filings and orders in her state case; an "Affidavit and Motion for Injunction;" an "Affidavit of Absolute Ownership and Implied Contract;" a copy of the deed to the subject property; a copy of the quit claim deed from U.S. Bank, N.A. to plaintiff; and notice to defendant regarding the foreclosure of her property, demanding that she vacate and surrender possession. In total, there are ninety-three pages of exhibits.

## Discussion

Defendant has filed what has been construed as a notice of removal, seeking to remove her state unlawful detainer case to federal court. Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant "desiring to remove any civil action from a State court shall file in the district court…a notice of removal" that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

In this case, the Court has determined that removal is improper for two reasons. First, defendant's notice of removal is untimely. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, defendant was served on October 18, 2021. However, the notice of removal was not filed until February 17, 2022, one-hundred-and-twenty-two days later. This is well outside the thirty-day window provided by statute.

Second, removal jurisdiction can only be properly exercised if the state court case is still ongoing. That is, if the state court proceedings for which removal is sought is already completed, the case must be dismissed for lack of jurisdiction. *Pointer v. Allied Barton Sec. Co.*, 2017 WL 4216868, at *1 (8th Cir. 2017) (unpublished opinion) (stating that because the state court proceeding that plaintiff sought to remove was "already completed," the case was remanded to the district court "with instructions to dismiss for lack of jurisdiction"). *See also Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2nd Cir. 1988) (stating that "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); *Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) (stating that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run"); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) (stating "that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized"); and *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (stating that it is "obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court").

In this case, a trial was held on December 2, 2021, in which plaintiff was awarded restitution of the subject property, as well as monetary damages. The judgment became final thirty days later, on January 12, 2022. *See* Mo. S.Ct. R. 81.05(a)(1) (providing that "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed"). Once the judgment became final, defendant had ten days to appeal. *See* Mo. S.Ct. R. 81.04(a) (providing that "[n]o…appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"). In other words, defendant had until January 24, 2022 to file an appeal, which she did not do. Instead, after

4

receiving an adverse judgment in state court, she attempted to remove the matter to this Court, hoping to receive "a fairer outlook." Removal, however, cannot be used for further litigation once a defendant is subject to a final judgment. Defendant has already received a final judgment, and her case is no longer ongoing except for the execution of that judgment.

For both these reasons, defendant's notice of removal must be vacated, and this civil action remanded back to the circuit court.

### Affidavit and Motion for Injunction

Defendant separately filed an "Affidavit and Motion for Injunction," which she attached to her notice of removal and also filed in the circuit court. (Docket No. 4). The motion argues that she has an "unrebutted affidavit serving as legal estoppel" in her state case, and supports this proposition with citations to various biblical passages. The motion will be denied as moot as the notice of removal is being vacated, and this action remanded to the circuit court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's "Affidavit and Motion for Injunction" (Docket No.4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's notice of removal (Docket No. 1) is **VACATED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 21st Judicial Circuit, St. Louis County.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a certified copy of this order to the St. Louis County Circuit Court, with reference to *U.S. Bank Trust National Assoc. v. Payne, et al.*, 21SL-AC20505 (21st Jud. Cir., St. Louis County).

Dated this 22nd day of February, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE